COOK, Circuit Judge.
Lead Petitioner Dr. Igor Kornetskyi, his wife Nadejda, and son Orest, seek review of a final order of deportation. Because substantial evidence supports the IJ’s determination that the Kornetskyis failed to demonstrate eligibility for asylum or withholding of deportation, we deny the petition for review.
I
Dr. Kornetskyi formerly practiced medicine and served as the chief of the radiology department in a Ukraine hospital. From 1985 to 1986, Dr. Kornetskyi treated patients who lived near nuclear plants and suffered from radiation illness, including victims of the Chernobyl disaster. Dr. Kornetskyi contends that members of the Soviet KGB and Secret Police security *256 agents accompanied the patients and warned the doctors against asking questions or discussing the situation. Dr. Kornetskyi’s own second-hand exposure to radiation resulted in his being a “carrier,” which in turn exposed his family to increased radiation levels. After his son became ill due to such exposure, Dr. Kornetskyi allegedly began openly criticizing — to family, friends, hospital employees, and security officials — the government’s conduct in connection with the nuclear radiation. Dr. Kornetskyi maintains that he and his family suffered government persecution because of his criticism. Specifically, he alleges: security officials warned him on multiple occasions to stay quiet, threatening violence, imprisonment, or confinement in an insane asylum if he refused to comply; and KGB and Secret Police interrogated him and his family, searched his home, and kept him under surveillance. Dr. Kornetskyi also insists that his government criticism led to his reassignment to a family-practice clinic eighty miles away, with a resulting loss of status and a thirty-five-percent reduction in pay. As a further consequence of his government denunciation, Dr. Kornetskyi’s wife lost her engineering job with the Patent Examination Office.
Dr. Kornetskyi’s wife and children obtained passports and United States visitor visas and left Ukraine just before the country declared its independence. Dr. Kornetskyi followed about eighteen months later.
Because Dr. Kornetskyi and his family remained in the United States after their visas expired, the INS initiated deportation proceedings. The Kornetskyis conceded deportability, but maintained that their alleged persecution entitled them to asylum or withholding of deportation. The IJ denied relief, and the BIA summarily affirmed without opinion. Because the Board adopted the IJ’s decision in lieu of issuing its own opinion, this court reviews the IJ’s decision as the final agency decision. Abay v. Ashcroft, 368 F.3d 634, 637-38 (6th Cir.2004); Denko v. INS, 351 F.3d 717, 726 (6th Cir.2003).
II
Asylum
The Kornetskyis challenge the IJ’s denial of their request for asylum. An appellate court .must uphold the IJ’s determination if “reasonable, substantial, and probative evidence on the record considered as a whole” supports it. Mikhailevitch v. INS, 146 F.3d 384, 388 (6th Cir.1998) (citations and internal quotation marks omitted). To demonstrate eligibility for asylum, an applicant must first prove that he qualifies as a refugee either because he suffered past persecution or because he has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. at 389. If an applicant successfully establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable only by a showing that country conditions “have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return.” Id. (citation and internal quotation marks omitted).
A. Past Persecution
The IJ concluded that the Kornetskyis failed to satisfy their burden regarding past persecution: “In the instant case, the record does not reveal a level of mistreatment that can be characterized as past persecution based upon one of the statutory categories so as to warrant a finding of statutory eligibility for asylum.” Applying the deferential substantial-evidence standard, the court may grant the Kornetskyis’ *257 petition for review only if their evidence “ ‘not only supports a contrary conclusion, but indeed compels it.’ ” Id. at 388 (quoting Klawitter v. INS, 970 F.2d 149, 152 (6th Cir.1992)).
Though the IJ agreed Dr. Kornetskyi’s criticism of the “design, maintenance and utilization of safeguards in the nuclear reactors located in the Ukraine” motivated the government’s conduct, she concluded that such criticism was “specific in nature” and did not equate to a political opinion. The Kornetskyis emphatically challenge this conclusion. Regardless, we need not address this issue because, even if Dr. Kornetskyi’s criticism constitutes political opinion, the mistreatment he alleges, being more in the nature of harassment, fails the standard we must apply.
The Sixth Circuit holds that “ ‘persecution’ within the meaning of 8 U.S.C. § 1101(a)(42)(A) requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty.” Mikhailevitch, 146 F.3d at 390. “Harassment alone ... does not rise to the level of ‘persecution’ under the Act.” Id.
The Kornetskyis’ claim that the KGB and Secret Police searched their home, interrogated them, and verbally threatened them amounts to “harassment,” not “persecution.” See id. (finding the petitioner’s evidence that the KGB questioned him on several instances, conducted searches of his home and place of business, and knocked on the door of his home for forty minutes beginning at 1:00 a.m. constituted harassment, not persecution); Borca v. INS, 77 F.3d 210, 215 (7th Cir.1996) (upholding the BIA’s finding the plaintiffs mistreatment — being interrogated twice, having her dwelling searched twice, and receiving threatening phone calls — “not sufficiently serious to rise beyond the level of harassment”); Zalega v. INS, 916 F.2d 1257, 1258-59 (7th Cir.1990) (upholding the BIA’s determination that multiple arrests, interrogations, and searches of the petitioner’s home “did not rise to the level of persecution”); see also Bradciva v. INS, 128 F.3d 1009, 1012 (7th Cir.1997).
Dr. Kornetskyi’s demotion to the position of family practitioner similarly falls short of persecution. “Economic deprivation constitutes persecution only when the resulting conditions are sufficiently severe.” Daneshvar v. Ashcroft, 355 F.3d 615, 624 n. 9 (6th Cir .2004) (citations omitted). Dr. Kornetskyi’s thirty-five-percent salary reduction does not amount to economic persecution sufficiently severe to entitle him to asylum. See Zalega, 916 F.2d at 1260 (collecting cases and concluding that the petitioner’s termination from his employment, difficulty in obtaining additional land for his farm, and inability to get a government job commensurate with his education and training did not constitute persecution). But see Borca, 77 F.3d at 216-17 (holding that, while a petitioner must demonstrate that she “faces a probability of deliberate imposition of substantial economic disadvantage on account of her political opinion,” she need not show “a deprivation of all means of earning a livelihood”).
As regards Mrs. Kometskyi’s job loss, the IJ found no evidence of a nexus between Dr. Kornetskyi’s criticism and his wife’s termination nearly four years later. Even assuming a connection, Mrs. Kornetskyi’s termination cannot suffice to support the family’s asylum claim. See Dushi v. Ashcroft, 109 Fed. Appx. 801, 804 (7th Cir.2004) (“[Mjerely losing one’s job does not constitute persecution”) (citation omitted). The Kornetskyis “may have been harassed and may have suffered economic hardships. But harassment and hardship *258 are not the same as persecution.” Capric v. Ashcroft, 355 F.3d 1075, 1093 (7th Cir. 2004).
B. Well-Founded Fear of Future Persecution
The IJ similarly rejected the Kornetskyis’ claim that they feared future persecution. Because they failed to establish past persecution, the Kornetskyis retained the burden of proving a well-founded fear of future persecution that was both subjectively genuine and objectively reasonable. Mikhailevitch, 146 F.3d at 389. The IJ concluded that changed country conditions in Ukraine precluded the Kornetskyis from satisfying this burden. The Kornetskyis counter here that the Government did not present evidence of changed country circumstances. But the Kornetskyis bore the burden of presenting evidence that they would be persecuted by Ukraine’s current government. Without such evidence, the Kornetskyis offer nothing to compel us to disturb the IJ’s future-persecution finding.
Because substantial evidence supports the IJ’s conclusion that the Kornetskyis neither suffered past persecution nor have a well-founded fear of future persecution, it follows that the IJ correctly denied asylum.[1] And because the Kornetskyis cannot prove eligibility for asylum, they necessarily fail to satisfy the more stringent standard for withholding of deportation. Koliada v. INS, 259 F.3d 482, 489 (6th Cir.2001).
BIA Affirmance Without Opinion
Finally, the Kornetskyis challenge the BIA’s use of summary-affirmance procedures under 8 C.F.R. § 1003.1(e). We find nothing improper in the BIA’s application of the regulations to this case. Moreover, because we review the IJ’s decision directly, “our ability to conduct a full and fair appraisal of [the Kornetskyis’] case is not compromised.” Denko, 351 F.3d at 732 (citations and internal quotation marks omitted).
Motion to Remand
During the pendency of this petition, the Kornetskyis filed a motion to remand premised on their intent to move the BIA to reopen their proceeding to allow consideration of an application for adjustment of status. A separate panel of this court denied the motion, finding remand unwarranted given the Kornetskyis’ ability to pursue relief before the BIA concurrently with the relief sought here. At oral argument, the Kornetskyis again urged remand, seeming to continue to labor under the misconception that the pendency of this appeal foreclosed pursuit of adjustment of status through a motion to reopen. Regulations, however, permit an alien to file a motion to reopen with the BIA even while a petition for review pends. See 8 C.F.R. § 1003.2.
Ill
Because substantial evidence supports the IJ’s denial of asylum, we deny the Kornetskyis’ petition for review.

. The IJ's single mistaken reference to Yugoslavia instead of Ukraine in its opinion fails to alter our conclusion that substantial evidence supports her determination. Viewing the IJ’s reference in context convinces us that the IJ correctly considered Ukraine, not Yugoslavia, in evaluating the Kornetskyis' request for asylum.